UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Larsen,

    Plaintiff,

v.

Dennis Benson, Lucinda Jesson,
Greg Carlson, Kevin Moser,
David Prescott, Janine Hebert,
Tom Lundquist, Elizabeth Barbo,
Dana Osborne, Kelly Minor,
Rob Rose, Linda Berglin,
Mark Dayton, and Anoka County
Social Services Kurt Neir, sued each
in their individual capacity and in their
official capacity as employees of the
Minnesota Department of Human Services,
Defendants,

    Defendants.

**ORDER ON REPORT
AND RECOMMENDATION**
Civil No. 11-3025 ADM/ECW

___

Daniel Larsen, pro se.

Aaron Winter, Esq., Assistant Attorney General, Minnesota Attorney General's Office, St. Paul, MN, on behalf of the State Defendants.[1]

___

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Daniel Larsen's ("Larsen") Objection [Docket No. 90] to Magistrate Judge Elizabeth Cowan Wright's July 21, 2023 Report and Recommendation [Docket No. 89] ("R&R"). In the R&R, Judge Wright recommends granting Defendant Kurt Neir's Motion for Judgment on the Pleadings [Docket No. 41]; granting Defendants' Motion to Dismiss Plaintiff's Complaint

___

[1] The State Defendants include all defendants except Kurt Neir.

[Docket No. 48]; denying Larsen's Motion to Not Dismiss the Complaint [Docket No. 57]; and denying Larsen's request for Rule 11 sanctions [Docket No. 71].[2]

The R&R includes a finding that Counts 1-4, 6-12, 15, and 17 are precluded by the final judgment in Karsjens v. Harpstead, Case No. 11-cv-03659, because Larsen was among the class members pursuing relief in that class action litigation, and the claims asserted by Larsen were or could have been litigated in Karsjens. See R&R at 21-25. The R&R recommends dismissing these claims with prejudice because, among other reasons, they are barred under the doctrine of claim preclusion. Id. at 25.

Larsen has filed an Objection to the R&R. He argues that the failure by class counsel in Karsjens to argue for the application of the standard in Youngberg v. Romero, 457 U.S. 307 (1982), should not bar him from raising claims under the Youngberg standard. R&R at 1. Larsen contends that application of the claim preclusion doctrine to his case would deprive him of the "opportunity to have his day in court on a Youngberg analysis." Id.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After de novo review, the Court agrees with the conclusion in the R&R that Larsen's claims are barred by the doctrines of claim preclusion. Larsen does not identify any legal or

---

[2] Judge Wright has also issued an Order [Docket No. 88] denying Larsen's Motion to Consolidate Cases [Docket No. 62] and denying Larsen's Motion for the Appointment of Counsel [Docket No. 82]. In the Objection, Larsen asks the Court to "reconsider the appointment of counsel." Obj. at 2. The Court concludes that Judge Wright did not clearly err in denying the motion to appoint counsel or the motion to consolidate, and the Order denying these motions is affirmed.

factual error in the R&R's analysis, and the Court finds that Judge Wright properly concluded that the elements of claim preclusion are satisfied as to Larsen's claims. The Eighth Circuit held in <u>Karsjens</u> that "Appellants waived the application of the <u>Youngberg</u> . . . . standard by failing to raise it in their last appeal," <u>Karsjens v. Harpstead</u>, 74 F.4th 561, 571 (8th Cir. 2023). Because Larsen was among the class members pursuing relief in <u>Karsjens</u>, this holding must be given preclusive effect here.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Daniel Larsen's Objection [Docket No. 90] to Magistrate Judge Elizabeth Cowan Wright's July 21, 2023 Report and Recommendation is **OVERRULED;**

2. The Report and Recommendation [Docket No. 89] is **ADOPTED**;

3. Defendant Kurt Neir's Motion for Judgment on the Pleadings [Docket No. 41] is **GRANTED** and that the claims against him are **DISMISSED WITHOUT PREJUDICE**;

4. Defendants' Motion to Dismiss [Docket No. 48] is **GRANTED**;

5. Plaintiff's Motion to Not Dismiss the Complaint [Docket No. 57] is **DENIED**;

6. Plaintiff's claims for monetary damages against the State Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**;

7. The prospective relief sought against the State Defendants in their official capacities is **DISMISSED WITH PREJUDICE**;

8. The remainder of the claims against the State Defendants are **DISMISSED WITHOUT PREJUDICE**;

9. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Sanctions [Docket No. 71] is **DENIED**; and

10. Judge Wright's Order [Docket No. 88] denying Plaintiff's Motion to Consolidate Case [Docket No. 61] and denying Plaintiff's Motion for the Appointment of Counsel [Docket No. 82] is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: August 29, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE